**NOT RECOMMENDED FOR PUBLICATION**
**File Name: 20a0620n.06**

**Case No. 20-3322**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| *In re* **FIRSTENERGY SOLUTIONS CORP.,** | ) | |
| | ) | |
| *Debtor.* | ) | **FILED** |
| _____ | ) | Nov 02, 2020 |
| | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| **ENVIRONMENTAL LAW & POLICY** | ) | |
| **CENTER,** *et al.*, | ) | |
| | ) | |
| *Appellants*, | ) | |
| | ) | |
| v. | ) | **ON APPEAL FROM THE** |
| | ) | **UNITED STATES BANKRUPTCY** |
| **FIRSTENERGY SOLUTIONS CORP.,** | ) | **COURT FOR THE NORTHERN** |
| | ) | **DISTRICT OF OHIO** |
| *Appellee.* | ) | |

**Before: BATCHELDER, GRIFFIN, and DONALD, Circuit Judges.**

**ALICE M. BATCHELDER, Circuit Judge.** This is an appeal from a final bankruptcy

court ruling issued in the Chapter 11 reorganization proceedings for debtors FirstEnergy Solutions

Corp. and two of its subsidiaries (collectively "FES"). The appellants are the Environmental Law

& Policy Center, Environmental Defense Fund, Ohio Citizen Action, and Ohio Environmental

Council (collectively, the "Citizen Organizations"). Because these Citizen Organizations do not

have standing to appeal, we must DISMISS this appeal for lack of jurisdiction.

During the confirmation hearing about FES's final reorganization plan, FES presented an

expert witness to justify its estimated costs for decommissioning its nuclear power plants. The

Citizen Organizations—contending that the estimates were inadequate—cross-examined FES's

expert witness and sought to present its own expert witness. FES moved the bankruptcy court to

exclude that witness for two reasons, the first being that the Citizen Organizations did not have standing (under Article III or 11 U.S.C. § 1109(b)) because they suffered no articulable, concrete, personalized injury. The Citizen Organizations responded by emphasizing their right to advocate about nuclear decommissioning before the Nuclear Regulatory Commission (NRC). But when pressed, the Citizen Organizations admitted that they were "not alleging that there is a provision in the plan that shuts down what we're doing in front of the NRC." Rather, their "objection to the plan"—ergo, their putative injury—was (their contention) that FES had not set aside enough money to pay for the "non-radiological decommissioning costs"; i.e., that "decommissioning trust funding obligations [had not been] met." Ultimately, the bankruptcy court held that the Citizen Organizations did not have standing to challenge the feasibility of the plan, so it overruled their objection to plan confirmation and excluded their proposed witness, explaining:

> I'm going to grant the motion to exclude [the Citizen Organization's proposed expert witness], and I will overrule the objection to the confirmation that was filed by the [Citizen Organizations]. . . . I'm going to conclude that the [Citizen Organizations] do[] not have standing to address feasibility.
>
> This does not mean that they don't have standing to appear in this case, or that they don't have rights under 1109(b) generally, but specifically as to whether or not [FES]'s plan will permit [FES] to avoid falling into a liquidation or the need for further financial reorganization under 1129(a)(11), is not a matter for which [the Citizen Organizations] claim[] an injury in fact.

The Citizen Organizations appealed here.

"Parties that file appeals from bankruptcy courts" "must satisfy Article III standing when entering Article III courts." *In re Capital Contracting Co.*, 924 F.3d 890, 897 (6th Cir. 2019). "This requires the litigant to prove that he has suffered a concrete and particularized injury[,] fairly traceable to the challenged conduct, and [] likely to be redressed by a favorable judicial decision." *Hollingsworth v. Perry*, 570 U.S. 693, 704 (2013) (citation omitted). "To have standing, a litigant must seek relief for an injury that affects him in a personal and individual way. He must possess a

2

direct stake in the outcome of the case." *Id.* at 705 (quotation marks and citations omitted). "A litigant raising only a generally available grievance" by "claiming only harm to his and every citizen's interest . . . and seeking relief that no more directly and tangibly benefits him than it does the public at large[,] does not" satisfy Article III standing. *Id.* at 706 (quotation marks and citations omitted). "Article III standing is not to be placed in the hands of 'concerned bystanders,' who will use it simply as a vehicle for the vindication of value interests." *Id.* at 707 (citation omitted).

To cut to the chase, let's assume the Citizen Organizations' claims are correct that significant non-radiological decommissioning activities will be necessary at FES's closed nuclear facilities at some point in the future and that FES did not set aside enough money to pay for those activities. The threshold question for this Article III standing analysis is whether the Citizen Organizations have "a direct stake" in any aspect of those claims so as to cause a "concrete and particularized injury" that "affects [them] in a personal and individual way." *See id.* at 705. Or, turning that question around, whether the Citizen Organizations are claiming only a generalized harm to every citizen's interest that affects them no more directly or tangibly than it does the public at large. *See id.* at 706. It is certainly possible, and reasonable to assume, that there are or could be parties with "a direct stake" in the non-radiological, post-closure condition of FES's nuclear facilities, including neighbors, downstream water recipients, governing municipalities, and state and federal agencies. Such parties might be able to state a colorable claim of a personalized injury from FES's failure to fully plan for and fund non-radiological decommissioning activities.

But the Citizen Organizations have not asserted, much less shown, any such "direct stake" or "personalized injury." They have asserted only the general claim of "concerned bystanders" who would use this litigation "simply as a vehicle for the vindication of value interests." *See id.* at 707. In their briefing here, the Citizen Organizations repeat almost two dozen times the conclusory claim that they have a "legally protected interest" or a "stake" in the proper

decommissioning of FES's facilities, but they never articulate how that interest or stake is anything

but general. This is the best they offer:

> There are serious risks to public health, safety, and welfare if nuclear decommissioning and environmental remediation are not conducted in a full and timely manner, and blatant unfairness if those costs are shifted from corporate responsibility onto taxpayers.

Appellant Br. at 1. Later, upon acknowledging that they have no pecuniary interest, they argue:

> [P]arty-in-interest status does not demand an actual pecuniary interest in the case. Instead, a party in interest may be anyone who has a practical stake in the outcome of a case, and those who will be impacted in any significant way in the case.
>
> The Citizen[] Organizations have this 'practical stake' because of their interest in helping enforce environmental and decommissioning requirements.

Appellant Br. at 34 (quotation marks and citations omitted).

These are not the types of particularized interests or personalized injuries necessary to

establish Article III standing. These are the generalized interests that the standing doctrine

prohibits. Simply put, if the Citizen Organizations were to have standing to appeal based on these

claims or interests, then any and every person or entity would have standing, thus rendering the

entire concept of standing meaningless.

For the foregoing reasons, we DISMISS this appeal for lack of jurisdiction.[1]

---

[1] Based on this judgment, any and all outstanding motions are denied.